Entered: September 29th, 2025
Signed: September 29th, 2025



Nancy V. Alquist
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# Baltimore Division

| | |
|---|---|
| In re: <br> KATHERINE E. WYATT-BURROWS, <br>     Debtor. | CASE NO. 21-16852-NVA <br> CHAPTER 7 |
| KATHERINE E. WYATT-BURROWS, <br>     Plaintiff, <br> v. <br> LINKUS INVESTMENTS LLC, <br>     Defendant. | ADVERSARY NO. 23-00245 |

### MEMORANDUM OPINION IN SUPPORT OF ORDER
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding involves a dispute over certain alimony funds owed to the debtor, Katherine Wyatt-Burrows, by her ex-husband, Raymond Burrows, and claimed as exempt by the debtor in her bankruptcy case. [ECF No. 1]; [Bankr. ECF No. 34]. These funds are being held in escrow (the "Escrowed Funds") by debtor's counsel, Tydings & Rosenberg LLP ("Tydings"), pursuant to an order entered in Mr. Burrows's chapter 11 bankruptcy case. *See* Compl., Ex. E [ECF No. 1]. Ms. Wyatt-Burrows, seeks a declaratory judgment that Linkus Investments LLC ("Linkus"), a creditor in her bankruptcy case who served a writ of garnishment

on Tydings, does not hold a lien on the Escrowed Funds. The parties filed cross-motions for summary judgment and the Court conducted an evidentiary hearing. For the reasons that follow, Ms. Wyatt-Burrows's motion for summary judgment will be denied and Linkus's motion for summary judgment will be granted.

## Relevant Background

Linkus holds a $1,228,868.09 judgment against Ms. Wyatt-Burrows, entered in the Circuit Court for Harford County (the "State Court") on April 11, 2019 (the "Judgment").[1] *See* Claim 13-1. In the Proof of Claim filed in Ms. Wyatt-Burrows's bankruptcy case, Linkus alleges that the Judgment is partially secured by liens arising from writs of garnishment served on various non-debtor parties that may be holding property of the debtor or may owe debts to the debtor. *Id*.

One of those writs of garnishment was served on Tydings on April 16, 2021. Compl. ¶ 8. An order by Chief Bankruptcy Judge David E. Rice entered in Mr. Burrow's bankruptcy case (the "Burrows Alimony Order") on January 26, 2021 had established the Escrowed Funds; the Burrows Alimony Order (1) awarded Ms. Wyatt-Burrows a $50,750 administrative expense claim for post-petition alimony due and owing by Mr. Burrows; (2) allowed for adjustment of that claim consistent with any final order in the State Court resulting from Mr. Burrows's attempt to modify his post-petition alimony obligations to Ms. Wyatt-Burrows; (3) directed Mr. Burrows to make monthly payments towards the administrative expense claim to Tydings's escrow account; and (4) provided that the Escrowed Funds would be disbursed pursuant to a final decision by the State Court. *Id*. ¶¶ 9, 10; Ex. E. The State Court never rendered a final decision on Mr. Burrows's

---

[1] Ms. Wyatt-Burrows and Mr. Burrows personally guaranteed a loan extended by Xenith Bank to business entities jointly owned by Ms. Wyatt-Burrows and Mr. Burrows. The business entities defaulted on their objections under that loan, and on April 11, 2019, a confessed judgment was entered by the State Court in favor of Xenith Bank and against the business entities, Ms. Wyatt-Burrows, and Mr. Burrows in the amount of $1,228,868.09.

request to modify his post-petition alimony obligations; instead, the parties settled that dispute on March 29, 2023. *Id.* ¶ 13; Ex. D. Pursuant to that settlement, Mr. Burrows received $13,650 of the Escrowed Funds and Ms. Wyatt-Burrows received $31,850 of the Escrowed Funds. *Id.* Ex. D. On October 8, 2024, Ms. Wyatt-Burrows initiated the instant adversary proceeding. Ms. Wyatt-Burrows then amended her Schedule C on May 5, 2025 to claim an exemption of 75% of the Escrowed Funds, asserting that the value of the Escrowed Funds was $45,500. [Bankr. ECF No. 99].

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has referred this case to the Court. This matter is a statutorily core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2). The Court has constitutional authority to enter final orders in this matter.

## Legal Standards

Motions for summary judgment are governed by Civil Rule 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Civil Rule 1). Where a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," the Civil Rules mandate entry of summary judgment. Fed. R. Civ. P. 56(a).

> When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits "to determine whether either of the parties deserves judgment as a matter of law." *Philip Morris Inc. v. Harshbarger,* 122 F.3d 58, 62 n. 4 (1st Cir.1997) (citation and

3

      internal punctuation omitted). When considering each individual motion, the court must take care to "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the party opposing that motion.

*Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003); *see also Fluxo-Cane Overseas Ltd. v. E.D. & F. Man Sugar Inc.*, 599 F. Supp. 2d 639, 642 (D. Md. 2009).

      The burden of showing the absence of a genuine issue of material fact rests first with the moving party and requires only that the movant identify the basis for its motion and those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c)(1). Once that burden has been satisfied, the burden shifts to the non-moving party, who may not rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); Fed. R. Civ. P. 56(c)(1). A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law and a dispute is "genuine" only if the evidence is such that a finder of fact reasonably could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) ("A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.").

      "The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party." *Ramirez v. Amazing Home Contractors, Inc.*, 114 F. Supp. 3d 306, 308 (D. Md. 2015). When considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

> The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict. "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations."

*Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (cleaned up).

Civil Rule 56 sets forth certain procedural requirements for summary judgment motions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. *See also Anderson*, 477 U.S. at 252 (where defendant seeks summary judgment "based on the lack of proof of a material fact," court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented").

### **Analysis and Discussion**

The material facts are undisputed. Linkus holds a judgment against Ms. Wyatt-Burrows, among others. Compl. ¶¶ 4, 5. Linkus served writs of attachment on Tydings, among others, seeking to garnish funds in which Ms. Wyatt-Burrows had an interest. *Id.* ¶ 8. Tydings held funds in its escrow account pursuant to an order issued in Mr. Burrows's bankruptcy case. *Id.* ¶ 9, 13.

The Escrowed Funds represented alimony owed by Mr. Burrows to Ms. Wyatt-Burrows, subject to any subsequent determination by the State Court (which never occurred).  *Id.*

    A.  <u>Ms. Wyatt-Burrows's Motion for Summary Judgment</u>

In her motion for summary judgment, Ms. Wyatt-Burrows raises four arguments: (1) Linkus has no lien on the Escrowed Funds because the writ served on Tydings was a nullity; (2) Linkus has no lien on the Escrowed Funds because it never obtained a judgment on its writ of garnishment; (3) even if Linkus has a lien, Linkus's lien does not attach to the amount of the Escrowed Funds exempted by Ms. Wyatt-Burrows; and (4) even if Linkus has a lien, it is subordinate to the attorney's lien in the Escrowed Funds held by Tydings. [ECF No. 24].  The Court addresses each of Ms. Wyatt-Burrows's arguments in turn.

    (1) The writ served on Tydings was not a nullity.  A writ of garnishment under Maryland law attaches to any "property of the judgment debtor, other than wages subject to Rule 2-646 and a partnership interest subject to a charging order, in the hands of a third person for the purpose of satisfying a money judgment. Property includes any debt owed to the judgment debtor, whether immediately payable or unmatured." Md. Rule 2-645.[2]  The Maryland Court of Appeals (now the Supreme Court of Maryland) explained the different types of attachable debt as follows:

> A matured debt is one in which the sum is certain and is due, i.e. matured. An unmatured debt is one in which the sum is certain *and* the time for payment of the debt has not yet occurred. Generally, a contingent sum is no more than a possibility that a presently unascertainable sum might possibly be owed to the debtor from the person sought to be garnished at some future time.

*Consol. Const. Servs., Inc. v. Simpson*, 372 Md. 434, 448–49 (2002).

---

[2] Prior to a 2003 amendment that followed the decision in *Consol. Const. Servs., Inc. v. Simpson*, 372 Md. 434, 448–49 (2002), Rule 2-645 defined "property" to include contingent debt.  The 2003 amendment removed the word "contingent" from the type of debt included in the definition of property.

The Escrowed Funds represent an unmatured debt. The sum is certain, established by the alimony award issued in State Court which Mr. Burrows was attempting to modify. The Escrowed Funds represent alimony which Mr. Burrows owed Ms. Wyatt-Burrows during the pendency of his bankruptcy case, and were created pursuant to the Burrows Alimony Order entered by Chief Judge Rice in Mr. Burrows's bankruptcy case. The Escrowed Funds were placed in Tydings's escrow account pending resolution of Mr. Burrows's attempt to modify, in State Court, the alimony obligation he owed to Ms. Wyatt-Burrows. That the sum Mr. Burrows owed to Ms. Wyatt-Burrows may have *hypothetically* been different at some future point in time after the Escrowed Funds were created by some future act of the State Court does not transform the Escrowed Funds from unmatured to contingent. At the time of their creation and when the writ was served, the obligation represented by the Escrowed Funds was not contingent on any future event.

(2) Linkus was not required to obtain a judgment on the writ it served on Tydings to have a lien. The law is clear that *service* of a writ creates a lien, although such a lien is inchoate and unperfected until the judgment creditor obtains a judgment on the writ. *In re Fairweather*, 515 B.R. 208, 212 (Bankr. D. Md. 2014) ("The lien is created when the writ of garnishment is issued by the court in which the judgment is entered or recorded and the writ is served on the party holding the property or owing the obligation."); *Fico, Inc. v. Ghingher*, 287 Md. 150, 161, 411 A.2d 430, 437 (1980) ("An attachment on judgment served on a garnishee creates an inchoate lien which is binding not only on all the judgment debtor's assets which the garnishee then has in this possession, but also on all those which come into his hands before judgment in the garnishment action.").[3]

(3) The inchoate lien obtained by Linkus attached to the entirety of the Escrowed Funds, notwithstanding Ms. Wyatt-Burrows's right, if any, to an exemption in some or all of the Escrowed

---

[3] The *Fico* court explained that a lien becomes choate, or perfected, only after the judgment creditor obtains a "judgment of condemnation absolute." 287 Md. at 162.

7

Funds. The writ was served, and the inchoate lien attached, years before Ms. Wyatt-Burrows filed her bankruptcy petition and could claim exemptions. She cites no authority for the proposition that the mere filing of bankruptcy, and any right to claim exemptions in certain property, has any effect on any existing liens without some further act by a debtor. That Ms. Wyatt-Burrows may be entitled to avoid some or all of Linkus's lien, pursuant to section 522(f) of the Bankruptcy Code, does not prevent the lien from attaching to the Escrowed Funds in the first instance. To the contrary—the Bankruptcy Code requires that a lien *must* exist against the Escrowed Funds for Ms. Wyatt-Burrows to be able to avoid it, and then requires Ms. Wyatt-Burrows to make the appropriate motion under section 522(f). Ms. Wyatt-Burrows's argument that Linkus's inchoate lien cannot attach to the portion of the Escrowed Funds simply because she may be entitled to some exemption and to avoid some or all of Linkus's lien puts the cart before the horse.

(4) Finally, Ms. Wyatt-Burrows has no standing to assert any purported attorney's lien held by Tydings, assuming such a lien exists. Under Maryland law and pertinent to the issues here "an attorney at law has a lien on … (2) a settlement, judgment, or award that a client receives as a result of legal services that the attorney at law performs." Md. Code Ann., Bus. Occ. & Prof. § 10-501 (West). The Maryland Rules provide that "[a]n attorney who has a lien under Code, Business Occupations and Professions Article, § 10-501, may assert the lien." Md. Rule 2-652. To assert such a lien, *the attorney* must "serv[e] a written notice by certified mail or personal delivery upon the client and upon each person against whom the lien is to be enforced." Md. Rules 2-652. There is no evidence before the Court that Tydings has asserted an attorney's lien on the Escrowed Funds in the manner dictated by the Maryland Rules.

Further, Tydings has not established through admissible evidence that it has an attorney's lien against the Escrowed Funds. As Linkus correctly argues, the affidavit attached to Ms. Wyatt-

8

Burrows's motion for summary judgment lacks any foundation for the statements it contains. And, even if the Court were to ignore the absence of evidence to support the affidavit, the only possibly material statement in that affidavit does not help Ms. Wyatt-Burrows. The fact that counsel "reviewed all of the invoices that [Tydings] sent to Wyatt-Burrows between October 2020 and March 2021, and aggregate legal fees were in excess of $35,000" is of no consequence because that statement does not establish that any of the legal fees incurred in obtaining the Escrowed Funds were unpaid.[4] [ECF No. 24-9].

    B. <u>Linkus's Motion for Summary Judgment</u>

In its motion for summary judgment, Linkus argues that (1) its service of a writ of garnishment on Tydings created an inchoate lien against the Escrowed Funds, and (2) Tydings holds no attorney's lien against the Escrowed Funds.

The Court need not dwell on either argument. Linkus's first argument is addressed *supra*—as explained by *Fairweather* and *Fico*, service of the writ on Tydings created an inchoate lien against the Escrowed Funds as a matter of law. On this argument, Linkus prevails and is entitled to summary judgment as a matter of law.

As to Linkus's second argument, the Court has concluded *supra* that Tydings has not offered any evidence to support its claim of an attorney's fee in the Escrowed Funds. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Because Ms. Wyatt-Burrows seeks a declaratory judgment that Tydings

---

[4] A supplemental affidavit submitted by Ms. Wyatt-Burrows's counsel in its opposition to Linkus's motion for summary judgment does not save this argument. There, counsel states that "T&R has not been paid for the services rendered on behalf of Katherine Wyatt-Burrows to obtain her alimony award." [ECF No. 27-1]. The supplemental affidavit suffers the same flaw as the original affidavit: it lacks any foundation for the testimony offered.

holds an attorney's lien against the Escrowed Funds ***but has failed*** to make an evidentiary showing that such a lien exists, the Court must grant Linkus's motion for summary judgment on this point as well.

### Conclusion

Based on the record before the Court, Ms. Wyatt-Burrows has not shown that she is entitled to summary judgment as a matter of law, whereas Linkus has shown that it is entitled to summary judgment as a matter of law. Therefore, Ms. Wyatt-Burrows's motion will be denied and Linkus's motion will be granted. A separate Order follows.

cc:   Counsel for Katherine Wyatt-Burrows – Alan M. Grochal
      Counsel for Linkus Investments, LLC – James C. Olson

**END OF MEMORANDUM OPINION**